IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-06002-01-CR-SJ-DGK |
| CLINT ROBERT SCHRAM, | |
| Defendant. | |

**GOVERNMENT'S TRIAL BRIEF**
**REGARDING DEFENDANT'S COURTROOM BEHAVIOR**

Comes now the United States of America and provides the Court with argument and authority in anticipation of an issue that may arise during the trial of the defendant, Clint Robert Schram. Specifically, in writings, statements recorded in sealed Document 46, and behavior in Court, the defendant has previously demonstrated or indicated an intent to be disruptive to courtroom proceedings. Considering this prior behavior, the Government submits this brief to address the defendant's conduct at trial.

I.    **Defendant's Prior Behavior**

Most recently, on September 15, 2022, during an attorney appointment hearing in the magistrate court, the defendant was removed from the courtroom due to an outburst. The hearing continued, and the defendant was offered the opportunity to participate from the holding cell. Two days prior to this hearing, *pro se* correspondence from the defendant was filed as Documents 59 and 60. Due to the nature of the filings, including obscene drawings of young girls contained in Document 59, they were sealed. Document 59 contains racial epithets and abusive language directed at the magistrate judge, whom the defendant refers to as "Bitch," and the statements, "FUCK OFF GET OUT of my Country!!!" and "Death to the New World Order." In Document

60, the defendant referred to the magistrate judge as a "stupid [expletive]" and stated, "Kiss my white Aryan ass." The filing contained other abusive language, including racial epithets and a drawing of a swastika.

Prior to this, the defendant has submitted multiple *pro se* filings some of which contained abusive and/or threatening language. In a document filed on July 22, 2021 (Doc. 33-2, court only), the defendant complained to the magistrate judge about a pre-court strip search. The defendant stated, "I will appear in court naked and you may personally inspect my anus. Rest ASSured there is not dangerous items that would threaten the scales of justis hidden up my ass." (*Id.* at 1.) (Spelling and grammar as in original).

In addition, the defendant has been the subject of multiple institutional incident reports on March 12, 2021; August 9, 2021; March 9, 2022; April 6, 2022; and May 25, 2022. Specifically, the August 9, 2021 and March 9, 2022 incidents involved complaints of obscene drawings the defendant made depicting the sexual exploitation of minor girls. The May 25, 2022 incident involved the defendant pressing the detention facility duress button with no signs of danger and telling detention staff that he "will push this button anytime I want to, you all are my bitches."

*See also* Doc. 46 (sealed) at 12.

## II.     Defendant's Presence at Trial

Rule 43 of the Federal Rules of Evidence requires the defendant's presence at every stage of trial, except in circumstances in which a defendant who was initially present at trial waives the right to be present. Specifically, when the court warns a defendant that it will remove the defendant from the courtroom for disruptive behavior, but disruptive conduct persists that justifies removal from the courtroom, this constitutes a waiver of the defendant's right to be present and as such the trial may proceed without him. Fed R. Evid. 43(c)(1)(C).

2

Should the defendant behave in a disruptive manner, the Government requests the Court ensure the defendant's presence for the start of the jury trial, that is, the beginning of jury selection. As the Eighth Circuit reiterated in *United States v. Hellems* 866 F.3d 856 (8th Cir. 2017) quoting *United States v. Bradford* 237 F.3d 1306, 1310 (11th Cir. 2001), "a trial has commenced when the jury selection process had begun." *Hellems* 866 F.3d at 865. If the defendant behaves as he has done or threatened to do before, his conduct would be so disruptive that "the trial cannot be carried on with him in the courtroom." *United States v. Ward* 589 F.3d 1054, 1058 (8th Cir. 2010) quoting *Illinois v. Allen* 397 U.S. 337, 343 (1970). If such conduct continues despite warnings from the Court that removal is imminent and the defendant is present when the panel of prospective jurors is assembled in the courtroom, removal of the defendant from the courtroom is appropriate.[1]

### III. Proposed Voir Dire Question

Given the defendant's prior abusive language and threatened actions directed at the court and the courtroom procedure, it may be necessary to address his actions to the potential jurors. Should that happen, the Government submits that the following voir dire question would be appropriate to pose to the jury panel in an attempt to minimize any unfair or misplaced sympathy or prejudice individual jurors may feel towards the defendant:

> You have heard the defendant's exchange with the Court and have seen him removed from the courtroom by the Marshals. The defendant may not be present in the courtroom during the trial. The defendant's behavior in this courtroom and the fact that the defendant may not be present is not evidence and must not be considered by you in any way, or even discussed, in arriving at your verdict. Will any of you have any difficulty in following this instruction? Is there any person who will hold the defendant's behavior and his absence from the courtroom against him or, alternatively, feel sympathy towards him?

---

[1] In the event the defendant requests to leave the courtroom prior to the start of jury selection, it should be noted that the defendant has no right to be absent from trial. *United States v. Mabie*, 862 F.3d 624, 635-36 (7th Cir. 2017).

3

Posing this question to potential jurors will ensure the Court and the parties identify any potential jurors who may not be able to separate the defendant's actions in court and absence from trial from the evidence in this case.

### III. Proposed Jury Instruction

Should the defendant behave in court in a manner consistent with that described above, whether it necessitates his removal or not, the Government believes an instruction to the jury is appropriate to ensure no undue bias or sympathy impacts the jurors in their deliberation. Specifically, the Government suggests the following instruction be given:

> The defendant's behavior in this courtroom and the fact that the defendant may not be present [was not present] throughout the trial is not evidence and must not be considered by you in any way, or even discussed, in arriving at your verdict.

*United States v. McGill* 815 F.3d 846 (D.C. Cir. 2016) is instructive on this issue. In that case, one of six defendants on trial engaged in a verbal dispute with the judge in front of the jury and created a disturbance while being removed from the courtroom. The district court issued an instruction immediately following the outburst and subsequently issued a second instruction. The latter instruction directed the jury not to consider the defendant's outburst in any way as evidence in the case. The D.C. Circuit held that, "any potential prejudice arising from [the defendant's reference] was mitigated by the district court's curative instructions. *McGill* 815 F.3d at 895.

Similarly, here, the proposed instruction would mitigate any potential prejudice towards or undue sympathy for the defendant which may arise in the minds of the jurors. By reiterating that the defendant's behavior and his absence from trial is not evidence and is not to be considered, this instruction will account for the possibility that jurors, upon seeing the defendant in open court, believe the defendant is not competent or not able to stand trial.

WHEREFORE, the Government respectfully submits this brief regarding the defendant's courtroom behavior.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By   /s/Alison D. Dunning

Alison D. Dunning
David Luna
Assistant United States Attorneys
Special Victims Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Alison.Dunning@usdoj.gov

Kyle P. Reynolds
Trial Attorney
Authorized to practice under L.R. 83.5(i)
1301 New York Avenue, NW
Washington, DC 2005
Telephone: (202) 616-2842

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 24, 2023, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/Alison D. Dunning
Alison D. Dunning
Assistant United States Attorney