IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLINT ROBERT SCHRAM <br><br> Defendant. | Case No. 5:20-cr-06002-DGK |

**UNITED STATES' TRIAL BRIEF REGARDING**
**THE CHARGE OF ADVERTISING CHILD PORNOGRAPHY**

The United States hereby files this trial brief to assist the Court in making any determination that involves the offenses of advertising child pornography or conspiracy to advertise child pornography.

The Indictment charges the Defendant, Clint Robert Schram, with nine separate counts based on his involvement with Websites A, B, C, and D. [ECF No. 1.] For each of those websites, the United States brings one count of advertisement of child pornography and one count of conspiracy to advertise child pornography under 18 U.S.C. § 2251(d) and (e). [*Id.* at 2-8.]

The offense of advertising child pornography prohibits any person from making, printing, or publishing, or causing to be made, printed, or published, any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, or reproduce any visual depiction, the production of which visual depiction involved the use of a minor engaged in sexually explicit conduct and the depiction was of such conduct—in other words, child pornography. 18 U.S.C. § 2251(d)(1)(A). The United States may establish a nexus to interstate commerce by proving that the person knew or had reason to know that such notice or advertisement would be transported using

any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer. *Id.* § 2251(d)(2). A defendant may be prosecuted for conspiracy to commit any offense set forth in § 2251. *Id.* § 2251(e).

The offense of advertising child pornography is often similar to the offense of distributing it, *see* 18 U.S.C. § 2252A(a)(2), but the offenses are distinct, and the United States alleges that the offense of advertising child pornography more faithfully tracks the manner in which child pornography is shared and trafficked over Websites A-D. As will be proven at trial, users of these websites generally did not distribute child pornography to one another directly. Instead, in accordance with the rules and customs of the websites, they used the websites' chat windows to post URL links that, when clicked by another user, redirected to another website where child pornography was available for viewing, consumption, or download. These URL links that appeared on the websites were accompanied by tags or descriptive text signifying what characteristics and type of child pornography was available through the corresponding link. This allowed the websites' users to sift through posts made through the website and determine what types or files of child pornography they wished to view and/or download.

In *United States v. Sewell*, the Eighth Circuit held that similar acts—in that case, making files available for download over a peer-to-peer program with descriptive text—can constitute notices or advertisements under § 2251(d). 513 F.3d 820 (8th Cir. 2008). In reaching this holding, the court looked to the context of the alleged notices or advertisements. Taking that context into account, it found that the purpose of the peer-to-peer program was to allow users to download each other's files, that files made available for download through the program were accompanied by descriptive text,

2

and that "the purpose of the descriptive fields is to alert interested users to the content of downloadable files." *Id.* at 822. "Based on the notice the searcher has now been given regarding what other users are offering, the searcher can then choose to download the child pornography to his computer." *Id.* Accordingly, making child pornography files available for download in this manner with descriptive text amounts to the posting of a notice offering to distribute child pornography for the purposes of § 2251(d). *Id.*

Other courts have likewise held that a defendant violates § 2251(d) by posting links to files when the context or descriptive text makes clear that the files depict child pornography. For example, in *United States v. Cox*, the Ninth Circuit upheld a defendant's conviction for advertising child pornography under § 2251(d). 963 F.2d 915 (9th Cir. 2020). There, the defendant and another person had been discussing child pornography and child sexual abuse over the messaging application Kik, and she sent two Dropbox links to the other person with the descriptor "[g]oodies for daddy." One of the linked-to Dropbox accounts contained child pornography. *Id.* at 918. The Ninth Circuit—like the Eighth Circuit in *Sewell*—looked to the context of the conversation and found that "the critical Kik messages conveyed Dropbox links and the message '[g]oodies for daddy.' Taken together and when viewed in the overall context between Cox and [her interlocutor], these Kik messages reflected an offer to provide child pornography and means for how to gain access to it," which is sufficient for a conviction under § 2251(d). *Id.* at 922.

Likewise, in *United States v. Rowe*, the Second Circuit upheld a defendant's conviction for advertising child pornography under a predecessor statute to § 2251(d). 414 F.3d 271 (2d Cir. 2005). There, the defendant made a post in a chat room entitled "preteen00" that contained instructions on how to access files from a server and stated that the post was "Offering: *Pre boys/girl pics*." The court held that although the notice did not refer specifically to child pornography, the context of the

3

chat room—including the name "preteen00" and typical posts asking for child pornography—made clear that his posting was a notice offering to make child pornography available to interested parties. *Id.* at 276. The court emphasized that no "magic words" are required for a communication to amount to an advertisement or notice offering to distribute child pornography. *Id.* at 277.

The court in the Ninth Circuit case of *United States v. Grovo* agreed with *Rowe* that no "magic words" are necessary for a communication to be a notice or advertisement that is prohibited by § 2251(d) as long as it is clear that the communication offers to distribute or display child pornography. 826 F.3d 1207, 1219 (9th Cir. 2016). For example, the court held that the evidence was sufficient to prove the offense against a defendant who posted links on a website alongside text that listed the initials of an infamous child pornography studio "at its best :)" and in connection with a "hot … vid." *Id.* at 1213, 1219-20. The court also found that there was ample evidence that the website in question amounted to a conspiracy to advertise child pornography, noting that the website's "theme" was "models under the age of 18" including child pornography, that website "members regularly posted and requested child pornography with the acquiescence and participation of the board administrators," that specific rooms on the website were dedicated to particular types of child pornography, and that members were accepted and promoted "based in part on their demonstrated evidence in child pornography." *Id.*

The term "advertising" is a bit of a misnomer because, as illustrated in the cases above, the offense does not require "advertisement" in the traditional sense of billboards and commercial pitches. Nor does it require that the notices be available to the public at large. *See Grovo*, 826 F.3d at 1217-19 (notices shared with closed community of 40-45 people amounted to notices or advertisements under § 2251(d)); *United States v. Sammons*, 55 F.4th 1062, 1066-72 (6th Cir. 2022) (statute covers one-on-one communications); *United States v. Franklin*, 785 F.3d 1365, 1367-1370

4

Case 5:20-cr-06002-SRB   Document 85   Filed 04/24/23   Page 4 of 6

(10th Cir. 2015) (notices shared with closed community of 108 people amounted to notices or advertisements under § 2251(d)).

                    Respectfully submitted,

                    Steven J. Grocki
                    Chief, Child Exploitation and Obscenity Section
                    U.S. Department of Justice, Criminal Division

By:    */s/ Kyle Reynolds*

                    Kyle P. Reynolds
                    Trial Attorney
                    Authorized to practice under L.R. 83.5(i)
                    1301 New York Avenue, NW
                    Washington, DC 20005
                    Tel: (202) 616-2842
                    Fax: (202) 514-1793
                    Kyle.Reynolds@usdoj.gov

                    Alison D. Dunning
                    David Luna
                    Assistant United States Attorneys
                    Charles Evans Whittaker Courthouse
                    400 East Ninth Street, Suite 5510
                    Kansas City, Missouri 64106
                    Telephone: (816) 426-4289
                    Telefax: (816) 426-4322

5

Case 5:20-cr-06002-SRB   Document 85   Filed 04/24/23   Page 5 of 6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 24, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

>*/s/ Kyle Reynolds*
>Kyle P. Reynolds
>Trial Attorney
>U.S. Department of Justice, Criminal Division