IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 5:20-cr-06002-DGK |
| v. | |
| CLINT ROBERT SCHRAM | |
| Defendant. | |

**UNITED STATES' TRIAL BRIEF REGARDING
STATEMENTS MADE IN FURTHERANCE OF A CONSPIRACY**

The United States hereby files this trial brief to assist the Court in making any determination regarding statements made in furtherance of a conspiracy.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if made by a co-conspirator of a party during the course and in furtherance of the conspiracy. "Before admitting a coconspirator's statement under Rule 801(d)(2)(E), the government must establish by a preponderance of the evidence, and the district court must find, 'that there was a conspiracy involving the declarant and the nonoffering party, and the statement was made during the course and in furtherance of the conspiracy.'" *United States v. Mayfield*, 909 F.3d 956, 960 (8th Cir. 2018) (quoting *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

In determining if a conspiracy existed, the court may consider the coconspirator's statement sought to be admitted as well as other independent evidence. *Bourjaily*, 483 U.S. at 181; *Mayfield*, 909 F.3d at 960. Put differently, "courts are permitted to consider the out-of-court statements in making this determination [of whether a conspiracy existed] so long as the statements themselves do not provide the sole evidence of the conspiracy." *United States v. Ragland*, 555 F.3d 706, 713

(8th Cir. 2009). The other evidence needed to establish the conspiracy may be purely circumstantial. *United States v. Whitlow*, 815 F.3d 430, 434 (8th Cir. 2016). In establishing the existence of a conspiracy for the purposes of Rule 802(d)(2)(E), the government must only demonstrate "a likelihood of illicit association between the defendant and the declarant." *United State v. Sollars*, 979 F.2d 1294, 1297 (8th Cir. 1992) (cleaned up).

In the Eighth Circuit, if a defendant timely objects to the government's introduction of an out-of-court statement made in furtherance of a conspiracy, the district court may provisionally admit the statement under Rule 104(b). *Mayfield*, 909 F.3d at 960 (8th Cir. 2018) (discussing the procedure established in *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978)). The district court should then advise the parties on the record at sidebar that the statement is being admitted subject to the defendant's objection, that the government must prove by a preponderance of the evidence that the statement was made by a conspirator in furtherance of the conspiracy, that at the conclusion of the evidence the court will make a determination of the ultimate admissibility of the statements, and that if the court decides that the government has not carried its burden, it will either declare a mistrial or issue a cautionary instruction, if such an instruction is sufficient to cure any prejudice. *Id.*

The phrase "in furtherance of the conspiracy" should be interpreted broadly. *Ragland*, 555 F.3d at 713. A statement is in furtherance of a conspiracy it if "somehow advance[s] the objectives of the conspiracy" or "if the overall effect of the conversation is to facilitate the conspiracy." *United States v. Garcia*, 893 F.2d 188, 190 (8th Cir. 1990); *United States v. Edwards*, 994 F.2d 417, 422 (8th Cir. 1993). Statements that identify a co-conspirator or a co-conspirator's role in a conspiracy are in furtherance of that conspiracy. *Id.*; *Ragland*, 555 F.3d at 713. As are "statements which reveal the existence and progress of a conspiracy…" *United States v. Escobar*, 50 F.3d 1414, 1423 (8th Cir. 1995) (quoting *United States v. Kocher*, 948 F.2d 483, 485 (8th Cir. 1991)). In addition,

"[e]fforts to conceal a conspiracy actually further that conspiracy, as do statements of reassurance which serve to maintain trust and cohesiveness, or inform each other of the current status of the conspiracy." *Mayfield*, 909 F.3d at 962 (quoting *United States v. Tremusini*, 688 F.3d 547, 555 (8th Cir. 2012)). Statements that simply inform the listener of the declarant's criminal activities or statements made simply to impress the listener are generally not in furtherance of any conspiracy. *Ragland*, 555 F.3d at 713. However, "statements that describe past events are in furtherance of the conspiracy if they are made to plan future activities, or simply to keep co-conspirators abreast of current developments and problems facing the group." *United States v. Darden*, 70 F.3d 1507, 1529-30 (8th Cir. 1995) (cleaned up; citations omitted).

For a statement to be admissible under Rule 801(d)(2)(E), it is not necessary that the declarant be charged as a member of the conspiracy, nor is it necessary that the declarant even be identified, "so long as the statement itself proves reliable." *United States v. Arias*, 252 F.3d 973, 977 (8th Cir. 2001); *see also United States v. Gonzales*, 90 F.3d 1363, 1370 n.6 (8th Cir. 1996) ("Although identifiability of the declarant would be helpful, it is not required."). The statement need not be made to another member of the conspiracy as long as the declarant and the defendant were part of the conspiracy. *United States v. Cathey*, 997 F.3d 827, 834-35 (8th Cir. 2021).

"[C]o-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *United States v. Singh*, 494 F.3d 653, 658-59 (8th Cir. 2007).

Respectfully submitted,

Steven J. Grocki
Chief, Child Exploitation and Obscenity Section
U.S. Department of Justice, Criminal Division

By: */s/ Kyle Reynolds*

Kyle P. Reynolds
Trial Attorney
Authorized to practice under L.R. 83.5(i)
1301 New York Avenue, NW
Washington, DC 20005
Tel: (202) 616-2842
Fax: (202) 514-1793
Kyle.Reynolds@usdoj.gov

Alison D. Dunning
David Luna
Assistant United States Attorneys
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-4289
Telefax: (816) 426-4322

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 7, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                */s/ Kyle Reynolds*
                Kyle P. Reynolds
                Trial Attorney
                U.S. Department of Justice, Criminal Division