IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-06002-01-CR-SJ-SRB |
| CLINT ROBERT SCHRAM, | |
| Defendant. | |

**MEMORANDUM OF THE UNITED STATES OF AMERICA
CONCERNING FORFEITURE SPECIAL VERDICT**

The United States of America, by and through the undersigned attorneys, submits this memorandum outlining the forfeiture procedures at trial. A jury considers forfeiture only if the defendant is first convicted of a count for which the Indictment provides notice of the forfeiture of specific property, <u>and</u> if a party requests a jury determination on forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(A). Typically, a forfeiture jury determination is waived, and forfeiture is submitted to the Court as part of sentencing.

**I.      FORFEITURE PROCEEDINGS: GENERAL PRINCIPLES**

The following principles provide an overview of the forfeiture proceedings. Details and citations are provided in Part III below, within the corresponding lettered section.

A. A party may request that the jury determine whether the government has proven the requisite nexus between the crime of conviction and the specific property listed for forfeiture in the Indictment.

B. The right to have the jury make this determination is a limited, waivable statutory right; it is not a constitutional right.

C. Prior to deliberation on guilt, the Court must inquire as to whether either party requests a jury determination regarding forfeiture.

D. If either party requests the jury make a determination with respect to forfeiture, this determination is bifurcated from the guilt phase but should take place as soon as practicable, and with the same jury.

E. The jury determines only the nexus, or connection, between the property alleged to be subject to forfeiture and the offense for which the defendant was found guilty; the jury does not determine the validity of the defendant's interest or any third-party interests in the property.

F. A special verdict form is required.

G. The standard of proof for forfeiture is a preponderance of the evidence and the rules of evidence do not apply.

H. The jury may consider evidence presented at trial or new evidence presented in the forfeiture phase.

## II. CHARGES AND PROPERTY SUBJECT TO FORFEITURE

The Indictment charges nine counts: engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count One); conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d) and (e) (Counts Two, Four, Six, and Eight); and advertisement of child pornography, in violation of 18 U.S.C. §§ 2 and 2251(d) and (e) (Counts Three, Five, Seven, and Nine). (D.E. 1.) Based on these charges—each of which supports forfeiture under 18 U.S.C. § 2253—the Indictment also seeks forfeiture of the defendant's residence, which is described as follows[1]:

> Lot 9, Block 5, Line Creek Meadows—Third Plat, a subdivision in Kansas City, Platte County, Missouri, commonly known as 8524 N. Ava Avenue, Kansas City, Missouri 64154.

Title 18, United States Code, Section 2253 provides for the forfeiture of, *inter alia*, any property, real or personal, used or intended to be used to commit or to promote the commission of the offense of conviction. *See* 18 U.S.C. § 2253(a)(3). While the government alleged multiple theories of forfeiture in the Indictment, the investigation has revealed that the above-described real property is subject to forfeiture because it was used, or intended to be used, to commit or promote the above-referenced crimes. This is the theory of forfeiture that the government will pursue at trial.

---

[1] In addition to this real property, on January 12, 2021, the government filed a Bill of Particulars to give notice of its intent to forfeit a number of other items of property, including hard drives, computers, and other computer and digital storage equipment. (D.E. 23.) However, the defendant has indicated that he will not contest forfeiture of those items. As such, the proposed jury instruction is limited to the real property described herein.

3

## III. FORFEITURE PROCEEDINGS: DETAILS AND CITATIONS

### A. A Party May Request a Jury Determination of the Nexus Between the Crime of Conviction and Specific Property Alleged to Be Subject to Forfeiture.

"[T]o achieve criminal forfeiture, the government first must prove, beyond a reasonable doubt, that the defendant is guilty of the crime. The government then must prove, by a preponderance of the evidence, a nexus between the property and the crime." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011). Either party may request a determination by the jury as to the nexus between the property alleged to be subject to forfeiture and the offense for which the defendant was found guilty pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(A). In most cases, however, the parties do not request a jury determination of forfeiture, and instead submit the forfeiture issue to the court. *See* Casella, *Forfeiture Law in the United States*, at 652 (2d. ed. 2013).

### B. A Jury Determination of Forfeiture Is a Limited and Waivable Statutory Right— It Is Not a Constitutional Right.

The defendant has no constitutional right to have criminal forfeiture issues determined by a jury. *See United States v. Libretti*, 516 U.S. 29, 49 (1995) ("[T]he nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection."). Nevertheless, courts have recognized a limited statutory, or rule-based, right to a jury determination of the nexus between the crime of conviction and property allegedly subject to forfeiture. Fed. R. Crim. P. 32.2(b)(5).

### C. Prior to Deliberations on Guilt, the Court Must Inquire Whether Either Party Requests a Jury Determination of Forfeiture.

Prior to a jury determination of guilt, the Court should inquire whether either party requests a bifurcated jury determination of forfeiture:

4

> In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.[2]

Fed. R. Crim. P. 32.2(b)(5)(A).

Rule 32.2(b)(5) places an affirmative duty on the Court to ensure that a defendant does not inadvertently waive his right to a jury determination regarding forfeiture. *See United States v. Mancuso*, 718 F.3d 780, 799 (9th Cir. 2013). As noted above, however, in most cases neither party requests a jury determination and the forfeiture issue is left to the Court.

### D. The Forfeiture Jury Determination Is Bifurcated From the Guilt Phase But Should Take Place as Soon as Practicable, with the Same Jury.

If either party requests that the jury make a determination with respect to forfeiture, this determination is bifurcated from the guilt phase. "Criminal forfeiture is a sentencing matter and . . . bifurcated so that the jury first returns a verdict on guilt or innocence and then returns to hear evidence regarding the forfeiture." Fed. R. Crim. P. 32.2 2000 advisory committee notes. The bifurcated jury process should take place as soon as practicable after the guilt phase. Fed. R. Crim. P. 32.2(b)(1)(A). The same jury that deliberates on guilt is retained for forfeiture. Fed. R. Crim. P. 32.2(b)(5)(A).

### E. If a Forfeiture Jury Determination Is Requested, the Jury Decides Only Whether There Is a Nexus Between the Offense of Conviction and the Property.

If a jury verdict is requested by either party, the jury's function is solely to decide whether the government has established the requisite nexus between the property alleged to be subject to

---

[2] "Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled. This allows the court to plan, and also allows the court to tell potential jurors what to expect in terms of their service." Fed. R. Crim. P. 32.2(b)(5)(A) 2009 advisory committee notes.

forfeiture and the offense for which the defendant was found guilty. Fed. R. Crim. P. 32.2 2000 advisory committee notes. Where the theory of forfeiture is that the property was used to commit or to promote the criminal offense, the government must establish a "substantial connection" between the property and the criminal offense, and demonstrate that the nexus is more than incidental. *See United States v. Herder*, 594 F.3d 352, 364-65 (4th Cir. 2010); *United States v. Hull*, 606 F.3d 524, 527 (8th Cir. 2010) (applying "substantial connection" standard to criminal forfeiture under 18 U.S.C. § 2253). The defendant may not re-litigate his guilt in the forfeiture phase. *See Untied States v. Warshak*, 631 F.3d 266, 331(6th Cir. 2010) (affirming district court's decision to exclude the defendant's attempt to reopen an issue of guilt). Issues such as the validity of the defendant's interest or third-party interests in the property are not decided until after sentencing in an ancillary proceeding. *See* Fed. R. Crim. P. 32.2(c).

### F. The Special Verdict Form Guides the Jury's Nexus Determination.

If a jury determination is requested, a special verdict form is required. Rule 32.2(b)(5)(B) provides:

> (B) Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

The special verdict form identifies the property the government asserts is subject to forfeiture and asks the jury to determine whether the government has proven the requisite nexus between that property and the offense of conviction. *See United States v. Bevelle*, 437 F. App'x 399, 407-08 (6th Cir. 2011). The jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence.

6

### G. The Jury May Consider Evidence Presented at Trial or New Evidence Presented in the Forfeiture Phase.

During the forfeiture phase of the trial, the jury may rely on evidence from the "guilt phase" of trial as well as additional evidence. *See* Fed. R. Crim. P. 32.2(b)(1)(B) (determination of nexus for forfeiture "may be based on evidence already in the record, including . . . any additional evidence accepted by the Court as relevant and reliable"). Often the evidence necessary for the jury to determine forfeiture would have been introduced in the case in chief. Thus, there may be no need to put on additional testimony in the bifurcated proceeding. Procedurally, the forfeiture phase of the trial proceeds much like the guilt phase: the government offers evidence linking property to the crime, the defendant offers rebuttal evidence, the parties potentially offer closing arguments, and the Court gives jury instructions. *See* Casella, *Forfeiture Law in the United States*, at 659 (2d. ed. 2013).

### H. The Standard of Proof Is Preponderance of the Evidence and the Rules of Evidence Do Not Apply in the Forfeiture Phase.

The forfeiture determination is part of sentencing, and therefore the standard of proof is a preponderance of the evidence and hearsay is admissible. *See Hull*, 606 F.3d at 527 (finding that the preponderance standard applies to the forfeiture of property used to commit a child pornography offense, pursuant to 18 U.S.C. § 2253); *United States v. Bieri*, 21 F.3d 819, 822 (8th Cir. 1994) (holding that "the preponderance of the evidence standard is the proper standard in criminal forfeiture cases"); *United States v. Smith*, 770 F. 3d. 628, 640-41 (7th Cir. 2014) (forfeiture is part of sentencing, not the government's case-in-chief, and therefore proffer letter applicable only to case-in-chief did not preclude use of proffered statement in forfeiture hearing); *United States v. Capoccia*, 503 F.3d 103, 109-10 (2d Cir. 2007) (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay,

7

consistent with forfeiture being part of the sentencing process where hearsay is admissible); *United States v. Creighton*, 52 F. App'x 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase); *United States v. Nicolo*, 597 F. Supp. 2d 342, 345 (W.D.N.Y. 2009) (the rules of evidence do not apply in the forfeiture phase of the trial).

IV. **CONCLUSION**

To briefly summarize the procedures outlined above: before the jury begins its deliberations, the Court must inquire whether the defendant or the government requests a jury determination regarding forfeiture pursuant to Rule 32.2(b)(5). If the jury returns a verdict of guilty on any of the nine counts in the Indictment, and either party has requested a jury determination with respect to forfeiture, then the Court should provide the requested Asset Forfeiture Jury Instruction and Special Verdict Form attached hereto.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    /s/ *Alison D. Dunning*

Alison D. Dunning
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

8

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on May 10, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

      /s/ *Alison D. Dunning*
      Alison D. Dunning
      Assistant United States Attorney