# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
DIVISION

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **5:20-CR-06002-SRB(1)** |
| **CLINT ROBERT SCHRAM** | § | USM Number: **34907-045** |
| | § | **F. A. White** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

| | |
|---|---|
| ☐ | pleaded guilty to count(s) |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. |
| ☒ | was found guilty on count(s) after a plea of not guilty |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| Engaging in a Child Exploitation Enterprise: 18 U.S.C. § 2252A(g) | 07/21/2020 | 1 |
| Advertisement of Child Pornography: 18 U.S.C. §§ 2 and 2251(d) and (e) | 07/21/2020 | 3 |
| Advertisement of Child Pornography: 18 U.S.C. §§ 2 and 2251(d) and (e) | 07/21/2020 | 5 |
| Advertisement of Child Pornography: 18 U.S.C. §§ 2 and 2251(d) and (e) | 07/21/2020 | 7 |
| Advertisement of Child Pornography: 18 U.S.C. §§ 2 and 2251(d) and (e) | 07/21/2020 | 9 |

The Jury Verdict for Forfeiture entered on May 10, 2023 and the Preliminary Order of Forfeiture entered on October 5, 2023 are finalized and imposed.

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Counts 2, 4, 6 and 8 of the Indictment are orally dismissed at time of sentencing on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 7, 2023**
Date of Imposition of Judgment

/s/ Stephen R. Bough
Signature of Judge

**STEPHEN R. BOUGH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**November 7, 2023**
Date

DEFENDANT:       CLINT ROBERT SCHRAM
CASE NUMBER:     5:20-CR-06002-SRB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**LIFE** as to Count 1 of the Indictment and **30 years** as to each of Counts 3, 5, 7 and 9 of the Indictment; all Counts to run **concurrently.** Total sentence is **LIFE**.

☒   The court makes the following recommendations to the Bureau of Prisons:
    The Court recommends that the defendant be designated to FCC Florence.
    The Court further recommends that the defendant be designated for participation in the STAGES residential treatment program.

☒   The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                          UNITED STATES MARSHAL

                                                       By _____
                                                          DEPUTY UNITED STATES MARSHAL

DEFENDANT: CLINT ROBERT SCHRAM
CASE NUMBER: 5:20-CR-06002-SRB(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **LIFE** as to each of Counts 1, 3, 5, 7 and 9, to run **concurrently.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:      CLINT ROBERT SCHRAM
CASE NUMBER:    5:20-CR-06002-SRB(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT:         CLINT ROBERT SCHRAM
CASE NUMBER:       5:20-CR-06002-SRB(1)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant will not associate or have any contact with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office.
2. The defendant shall neither possess nor have under his control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence toward children or child pornography [as described in 18 U.S.C. 2256(2) and (8)], including photographs, images, books, writings, drawings, videos, and electronic material.
3. The defendant shall successfully participate in a program of sex offender counseling, as directed by the Probation Office. The defendant shall also pay any associated costs as directed by the Probation Office.
4. The defendant shall successfully participate in a program of polygraph testing to assist in treatment and/or monitoring, as directed by the Probation Office. The defendant shall also pay any associated costs as directed by the Probation Office.
5. The defendant shall comply with all state and federal sex offender registration requirements.
6. The defendant shall submit his person, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
7. The defendant will not have contact with the victim/s in this case, to include any physical, visual, written, telephonic or electronic contact with such person/s. Additionally, the defendant shall not directly or indirectly cause or encourage anyone else to have contact with such person/s.
8. The defendant is barred from places where minors (under the age of 18) congregate; such as residences, parks, benches, pools, daycare centers, playgrounds, and schools, unless prior written consent is granted by the Probation Office.
9. The defendant's place of residence may not be within 1,000 feet of schools, parks, playgrounds, public pools, or other locations frequented by children.
10. The defendant shall not possess or use any computer or electronic device with access to any "on-line computer service," without the prior approval of the Probation Office. This includes any public or private computer network.
11. The defendant shall consent to having installed any hardware or software systems on his computer(s), to monitor computer use. The defendant shall pay any associated costs as directed by the Probation Office.
12. The defendant shall not maintain or create a user account on any social networking site (e.g., Grindr, Myspace, Facebook, Adultfriendfinder, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile users under the age of 18.

DEFENDANT: CLINT ROBERT SCHRAM
CASE NUMBER: 5:20-CR-06002-SRB(1)

13. The defendant shall consent to third-party disclosure to any employer, or potential employer, concerning the history, characteristics, criminal background or any computer-related restrictions that have been imposed.
14. The defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of his computers or other electronic devices which may include retrieval and copying of all data from these devices. This also includes the removal of such devices, if necessary, for the purpose of conducting a more thorough inspection.
15. The defendant shall provide the Probation Office with access to any requested financial information.
16. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office, while court-ordered financial obligations are outstanding.
17. The defendant shall apply all monies received from income tax refunds, lottery/gambling winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.
18. The defendant shall successfully participate in any outpatient or inpatient substance abuse counseling program which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.
19. The defendant shall successfully participate in any mental health counseling program, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.
20. The defendant shall not consume or possess alcoholic beverages or beer, at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____  _____
Defendant                                Date

_____  _____
United States Probation Officer          Date

DEFENDANT: CLINT ROBERT SCHRAM
CASE NUMBER: 5:20-CR-06002-SRB(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | AVAA Assessment* | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|---|
| **TOTALS** | Waived | $500.00 | Waived | Waived | $192,000.00 |

Since the Court finds the defendant does not have the ability to pay a fine, the fine is waived.

The defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office, Financial Litigation Unit, 400 E. 9th Street, Room 5510, Kansas City, MO 64106 of: 1) any change if name, residence or mailing address; and 2) any material change in economic circumstance that affects the ability to pay restitution.

Payments shall be made payable to the Clerk, U.S. District Court and mailed to:

Clerk, U.S. District Court
400 E. 9th Street
Kansas City, MO 64106

☒ **The defendant must make restitution (including community restitution) to the following payees in the amount listed below.**

| Payee: | Amount: |
|---|---|
| 2crazygurls Series Victim (Chelsea): | $ 10,000.00 |
| Angela Series Victim (Angela): | $ 10,000.00 |
| Aprilblonde Series Victim (April): | $ 10,000.00 |
| Ashley_081 Series Victim (Redacted): | $ 3,000.00 |
| At School Series Victim (Violet): | $ 10,000.00 |
| BluePillow1 Series Victim (Henley): | $ 5,000.00 |
| BluesPink1 Series Victim (Fiona): | $ 10,000.00 |
| CinderblockBlue Series Victim (Jane): | $ 10,000.00 |
| HG1 Series Victim (Lily): | $ 3,000.00 |
| Jan_Socks1 Series Victim (Sierra): | $ 10,000.00 |
| Jan_Socks2 Series Victim (Savannah): | $ 7,500.00 |
| Jan_Socks3 Series Victim (Skylar): | $ 7,500.00 |
| JBN Flowers 1 Series Victim (Jen): | $ 10,000.00 |
| JBN Flowers 2 Series Victim (Ivy): | $ 10,000.00 |
| Jenny Series Victim (Jenny): | $ 10,000.00 |
| Linda&Patty1 Series Victim (Patty): | $ 3,000.00 |
| Marineland1 Series Victim (Sarah): | $ 10,000.00 |
| MotorCouch Series Victim (Cara): | $ 3,000.00 |
| PD11 Series Victim (PD11): | $ 4,000.00 |
| PinkHeartSisters1 Series Victim (Erika): | $ 10,000.00 |
| PinkHeartSisters2 Series Victim (Tori): | $ 10,000.00 |
| RedGlassesCry Series Victim (Taylor): | $ 3,000.00 |
| SweetPinkSugar Series Victim (Mya): | $ 5,000.00 |
| SweetWhiteSugar Series Victim (Pia): | $ 5,000.00 |
| Vicky Series Victim (Lily): | $ 10,000.00 |
| ZooFamily1 Series Victim (Ali): | $ 3,000.00 |
| **TOTAL:** | **$192,000.00** |

DEFENDANT: CLINT ROBERT SCHRAM
CASE NUMBER: 5:20-CR-06002-SRB(1)

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
☒ the interest requirement is waived for the: ☐ fine  ☒ **restitution**

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $ 192,500.00 due immediately, balance due

☐ not later than _____, or

☒ in accordance ☐ C, ☒ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☒ If unable to pay the full amount immediately, while incarcerated, the defendant shall make quarterly payments of $25 or at least 10 percent of earnings, whichever is greater and while on Supervised Release, the defendant shall make monthly payments of $100 or 10 percent of gross income whichever is greater, to commence 30 days after release from incarceration; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $500.00 for Counts 1, 3, 5, 7 and 9, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

DEFENDANT:          CLINT ROBERT SCHRAM
CASE NUMBER:        5:20-CR-06002-SRB(1)

☒ **The defendant shall forfeit the defendant's interest in the following property to the United States:**

- The defendant's residence, Lot 9, Block 5, Line Creek Meadows-Third Plat, a subdivision in Kansas City, Platte County, Missouri, commonly known as 8524 N. Ava Avenue, Kansas City, Missouri 64154
- Vantec, NexStar TX, Model NST-328S3-BK, hard drive, serial number 0673609947, with power cord;
- Western Digital, WD Elements, hard drive, serial number WX21D57R7UED, with cord;
- HP Pavilion tower, Model 510-P114, serial number CNV63707Q0;
- Raspberry Pi 4, Model B Computer, FCCID 2ACB-RPI4B, with power cord and video cable;
- HP laptop, with ProtectSmart, serial number 5CD53057LK, with power cord;
- G.Skill Micro SD Adapter with G.Skill 32 GB Micro SD card, serial number CDBAJK123770;
- SanDisk Ultra Plus 32 GB Micro SD card, serial number 9227ZV0V305N;
- CanaKit Micro SD reader with Samsung Evo Plus Micro SD card, 32 GB;
- 2 thumb drives - 1 PNY 64 GB USB 3.0, 1 GorillaDrive;
- 29 optical discs; and
- Gray Samsung Galaxy S8 cell phone, Model SM-G950U, IMEI 358332084452353, with black Otterbox case.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.